IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| NICHOLAS AMADOR MARTINEZ,<br> Movant, | §<br>§<br>§ | |
| v. | §<br>§ | EP-24-CV-387-DB<br>EP-23-CR-164-DB-1 |
| UNITED STATES OF AMERICA,<br> Respondent. | §<br>§<br>§ | |

## MEMORANDUM OPINION AND ORDER

Nicholas Amador Martinez, federal prisoner number 38488-510, challenges his sentence through a *pro se* motion under 28 U.S.C. § 2255. Mot. to Vacate, ECF No. 82.[1] His motion is denied for the following reasons.

### BACKGROUND AND PROCEDURAL HISTORY

Martinez is a 31-year-old inmate at the Fort Dix Federal Correctional Institution at Joint Base McGuire-Dix-Lakehurst (MDL), New Jersey. *See* Find an Inmate, https://www.bop.gov/inmateloc/ (search for Reg. No. 38488-510) (last visited Oct. 23, 2024). His anticipated release date is February 28, 2026. *Id.*

On October 17, 2022, an FBI online covert employee (OCE) created a fictitious persona of a 13-year-old female located in El Paso, Texas, on "Whisper," a free online social messaging platform. Plea Agreement, ECF No. 63 at 3. That same day, the OCE received a message from an individual using the Whisper profile name "Tech_ Time," who was later identified as Martinez. *Id.* The OCE communicated with Martinez for several months—and the messages turned quickly to discussions of sexual acts. *Id.* The OCE also received pictures of Martinez's penis. *Id.*

---

[1] "ECF No." refers to the Electronic Case Filing number for documents docketed in EP-23-CR-164-DB-1. Where a discrepancy exists between page numbers on filed documents and page numbers assigned by the ECF system, the Court will use the latter page numbers.

On January 4, 2023, Martinez told the OCE he was going to take a bus trip to an area of El Paso near the house where the OCE purportedly lived. *Id.* He proposed that they hang out and engage in sexual activities. *Id.* As he arrived at the residence, he was arrested by FBI special agents. *Id.* After he was advised of his rights, Martinez admitted that he believed he was communicating online with a 13-year-old, engaged in sexually explicit conversations with the fictitious online persona, and sent pictures of his penis to the OCE. *Id.* He consented to a search of his tablet which disclosed it contained the messages and images of his penis that he sent to the OCE. *Id.*

Martinez pleaded guilty pursuant to a plea agreement before a United States Magistrate Judge to Count 2 of a two-count indictment. Presentence Investigation, ECF No. 75 at ¶ 1. He was charged in Count 2 with attempted transfer of obscene material to minors, in violation of 18 U.S.C. § 1470. *Id.* He also waived his right "to contest the conviction or sentence (or the manner in which the sentence was determined) in any post-conviction proceeding, including any proceeding under 28 U.S.C. § 2255, 28 U.S.C. § 2241, or any other provision of law" in the plea agreement. Plea Agreement, ECF No. 63 at p. 6. He obtained a non-binding sentencing recommendation of 60 months' imprisonment pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B). Sealed Addendum, ECF No. 64. He was sentenced by the Court to 60 months in prison followed by three years in supervised release. J. Crim. Case, ECF No. 78. He was also ordered to comply with the requirements of the Sex Offender Registration and Notification Act. *Id.* He did not appeal.

Martinez now claims in his § 2255 motion that he was compelled—in violation of his Fifth Amendment rights—to confess that he attempted to transfer obscene material to a minor. Mot. to Vacate, ECF No. 82 at 4. Notably, he does not assert he is actually innocent. He asks the Court to grant him any relief to which he may be entitled. *Id.* at 12.

## APPLICABLE LAW

Section 2255 "'provides the primary means of collateral attack on a federal sentence.'" *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000) (quoting *Cox v. Warden*, 911 F.2d 1111, 1113 (5th Cir. 1990)). But "it does not encompass all claimed errors in conviction and sentencing." *United States v. Addonizio*, 442 U.S. 178, 185 (1979). And it is not a "substitute for direct appeals." *United States v. Willis*, 273 F.3d 592, 596 (5th Cir. 2001); *see also United States v. Frady*, 456 U.S. 152, 167 (1982) (imposing a "cause and actual prejudice" standard on motions for collateral relief when no objection was made on direct appeal); *Reed v. Farley*, 512 U.S. 339, 354 (1994) (stating "[w]here the petitioner—whether a state or federal prisoner—failed properly to raise his claim on direct review, the writ is available only if the petitioner establishes 'cause' for the waiver and shows 'actual prejudice.'"). It identifies only four grounds on which a prisoner may obtain relief: (1) the "sentence was imposed in violation of the Constitution or laws of the United States, (2) the sentencing court was without jurisdiction to impose the sentence, (3) the sentence was in excess of the maximum authorized by law, or (4) the sentence is otherwise subject to collateral attack." *United States v. Seyfert*, 67 F.3d 544, 546 (5th Cir. 1995) (citations omitted). Consequently, § 2255 does not permit relief on a claim of error that is neither constitutional nor jurisdictional unless the error constitutes "a fundamental defect which inherently results in a complete miscarriage of justice." *Hill v. United States*, 368 U.S. 424, 428 (1962). It also requires the prisoner to bear the burden of establishing a claim of error by a preponderance of the evidence. *Wright v. United States*, 624 F.2d 557, 558 (5th Cir. 1980) (citing *United States v. Kastenbaum*, 613 F.2d 86, 89 (5th Cir. 1980)). It permits a court to "vacate and set the judgment aside" if a prisoner's claims are meritorious and to "discharge the prisoner or resentence him or grant [him]

a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b). But it also allows a court to dismiss the motion "[i]f it plainly appears from the motion ... and the record of prior proceedings that the moving party is not entitled to relief." 28 U.S.C. foll. § 2255 Rule 4(b); *see also* 28 U.S.C. § 2255(b); *United States v. Drummond*, 910 F.2d 284, 285 (5th Cir. 1990) ("Faced squarely with the question, we now confirm that § 2255 requires only conclusive evidence—and not necessarily direct evidence—that a defendant is entitled to no relief under § 2255 before the district court can deny the motion without a hearing.").

## ANALYSIS

Martinez claims in his § 2255 motion that he was compelled to confess his illegal conduct in violation of his Fifth Amendment rights. Mot. to Vacate, ECF No. 82 at 4. He asks the Court to grant him any relief to which he may be entitled. *Id.* at 12.

As the Court noted above, a § 2255 motion is not a substitute for a direct appeal. *Frady*, 456 U.S. at 165; *Shaid*, 937 F.2d at 231. When raising issues of jurisdictional or constitutional magnitude for the first time in a motion seeking collateral relief, a movant must either (1) demonstrate "cause" for not raising the issue on direct appeal and "actual prejudice" resulting from the error; or (2) show that he is "actually innocent" of the crime for which he was convicted. *United States v. Torres*, 163 F.3d 909, 911 (5th Cir. 1999).

The "cause" standard requires the petitioner to show that "some objective factor external to the defense" prevented him from timely raising the claims he now advances. *Murray v. Carrier*, 477 U.S. 478, 488 (1986). Objective factors that constitute cause include interference by officials that make compliance with the procedural rule impracticable, showing that the factual or legal basis for the claim was not reasonably available to counsel at the prior occasion, and ineffective

assistance of counsel in the constitutional sense. *Id.*

"A mere possibility of prejudice will not satisfy the actual prejudice prong of the cause and prejudice test," and a movant must instead "'shoulder the burden of showing, not merely that the errors at his trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions.'" *Shaid*, 937 F.2d at 231 (quoting *Frady*, 456 U.S. at 170).

The cause-and-actual-prejudice standard is "significantly more rigorous than even the plain error standard ... applied on direct appeal." *Gaudet,* 81 F.3d at 589. If the movant does not meet either burden, then he is procedurally barred from attacking his conviction or sentence. *United States v. Drobny*, 955 F.2d 990, 994-95 (5th Cir. 1992).

In this case, Martinez's factual basis for his claim concerning the alleged violations of his Fifth Amendment rights was available to him well before he entered his plea. He has not alleged that some objective factor prevented him from raising his claim at his plea hearing, at his sentencing hearing, or in a direct appeal. Thus, he has not shown any cause for failing to raise his claim in a direct appeal. Moreover, the Court observes that the evidence against Martinez was overwhelming, and he has not asserted his actual innocence. Consequently, the Court finds that Martinez is procedurally barred from pursuing his claim—that his Fifth Amendment rights were violated—in a § 2255 motion.

Further, Martinez overlooks the fact that the plea agreement he signed contains a waiver of his right to collaterally attack his sentence through a § 2255 motion. Plea Agreement, ECF No. 63 at p. 6. And according to the terms of the plea agreement, Martinez may proceed only on grounds of ineffective assistance of counsel or prosecutorial misconduct of a constitutional

5

dimension—which he does not allege here. *Id.*

The Court notes that "a defendant can waive his right to file a section 2255 motion." *United States v. White*, 307 F.3d 336, 339 (5th Cir. 2002). The Court further notes Martinez has not suggested that his waiver was not voluntarily, knowingly or intelligently made. Hence, the Court finds that Martinez waived his right to bring his claim—that his Fifth Amendment Rights were violated—in a § 2255 proceeding through his plea agreement.

## CERTIFICATE OF APPEALABILITY

A movant may not appeal a final order in a habeas corpus proceeding "[u]nless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(B). He may not receive a certificate of appealability unless he "has made a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2). He "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong" when district court rejects his constitutional claims on the merits. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also United States v. Jones*, 287 F.3d 325, 329 (5th Cir. 2002) (applying *Slack* to a certificate of appealability determination in the context of § 2255 proceedings). He must show both that "jurists of reason would find it debatable whether the motion states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling" when district court rejects his claims solely on procedural grounds. *Slack*, 529 U.S. at 484.

Reasonable jurists could not debate the Court's reasoning for denying Martinez's claim on procedural grounds—or find that his issues deserve encouragement to proceed. *Miller El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack*, 529 U.S. at 484).

The Court will not issue a certificate of appealability.

## CONCLUSIONS AND ORDERS

The Court concludes that Martinez's claim is both procedurally barred and waived. The Court further concludes that it plainly appears from the motion and the record of prior proceedings that Martinez is not entitled to § 2255 relief. 28 U.S.C. foll. § 2255 Rule 4(b); 28 U.S.C. § 2255(b); *Drummond*, 910 F.2d at 285. The Court also concludes that Martinez is not entitled to a certificate of appealability. Accordingly, the Court enters the following orders:

**IT IS ORDERED** that Nicholas Amador Martinez's *pro se* "Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody" (ECF No. 82) is **DENIED**, and his civil cause is **DISMISSED WITH PREJUDICE.**

**IT IS FURTHER ORDERED** that Nicholas Amador Martinez is **DENIED** a **CERTIFICATE OF APPEALABILITY.**

**IT IS FURTHER ORDERED** that all pending motions, if any, are **DENIED.**

**IT IS FINALLY ORDERED** that the District Clerk shall **CLOSE** this case.

SIGNED this 25th day of October 2024.

_____
DAVID BRIONES
SENIOR UNITED STATES DISTRICT JUDGE